IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16–cv–01739–WJM–KMT

DAMEION MOORE,

    Applicant,

v.

JASON LENGERICH, WARDEN, BUENA VISTA MINIMUM CENTER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Applicant Dameion Moore's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Doc. No. 1) challenging the validity of his conviction in case number 2012CR1010 in the Denver County District Court. Respondents filed an Answer (Docket No. 26), and Applicant filed a Reply with a request for oral argument (Docket No. 27).

    The court has determined that it can resolve the Application without a hearing. 28 U.S.C. § 2243; *see also Jeter v. Keohane*, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."). Upon careful review of the record, including the Application, the Answer, the Reply, and the state court record, the court recommends that the Application should be denied and the case dismissed.

**BACKGROUND**

Applicant was charged with possession of a controlled substance, distribution of a controlled substance, and conspiracy to distribute a controlled substance. (Doc. No. 1-4 at 5.) A jury found him guilty of the possession and distribution counts but acquitted him of the conspiracy count. (*Id.*; Doc. No. 1-1 at 2.) He was sentenced to ten years on the distribution counts and a concurrent term of eighteen months on the possession count. (*Id.*) The conviction was affirmed on direct appeal. (ECF No. 1-1 at 2.)

Applicant initiated this action on July 7, 2016, by filing the § 2254 Application and asserting one claim that his convictions for both possession and distribution violate the Constitution's double jeopardy ban. (Doc. No. 1 at 7-8.)

In the Pre–Answer Response, Respondents concede that the action is timely under the one-year limitation period in 28 U.S.C. § 2244(d) and that Applicant's claim is exhausted. (*See* Doc. No. 13.) On August 30, 2016, the court entered an Order for Respondents to Answer Applicant's claim. (Docket No. 14).

**LEGAL STANDARDS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The applicant bears the burden of proof under § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

A claim may be adjudicated on the merits in state court even in the absence of a statement of reasons by the state court for rejecting the claim.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011).  In particular, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.  *Id.* at 98.  Thus, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id.* at 99.

The court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the court must answer under § 2254(d)(1) is whether the applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time of the relevant state court decision.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.  *Id.* at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

3

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, the court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404–05.

> A state-court decision is contrary to clearly established federal law if: (a) the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or (b) the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent. *Maynard [v. Boone]*, 468 F.3d [665], 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.' " *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407–08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409–10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. In addition,

4

> evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations . . . . [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington*, 562 U.S. at 101 (internal quotation marks omitted). In conducting this analysis, the court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision and then ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.*

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Harrington*, 562 U.S. at 88 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington*, 562 U.S. at 102.

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows the federal court to grant a writ of habeas corpus only if the relevant state court decision was based

on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the court must presume that the state court's factual determinations are correct and the applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.' " *Miller–El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003)).

## ANALYSIS

Applicant contends that his convictions for both possession and distribution violate the Double Jeopardy Clause of the Constitution. (Doc. No. 1 at 7-8.) Specifically, Applicant contends that the Colorado Court of Appeals erred by "ignor[ing] the clearly established law and without engaging in the required analysis" required under *Blockburger v. United States*, 284 U.S. 299 (1932). (*Id.* at 5, 7-8.)

The Colorado Court of Appeals stated the following regarding Applicant's double jeopardy claim:

> "Where the general assembly proscribes conduct in different provisions of the penal code and identifies each provision with a different title, its intent to establish more than one offense is generally clear." [*People v. Abiodun*, 111 P.3d 462, 465 (Colo. 2005).] If the legislative intent to create separate offenses is clear, that is the end of the inquiry. [*Meads v. People*, 78 P.3d 290, 293 (2003), *abrogated on other grounds by Reyna-Abarca v. People*, 390 P.3d 816, 826-27 (Colo. 2017)].
>
> Here, Moore was charged with and convicted of distribution of a schedule II controlled substance pursuant to Ch. 259, sec. 3, §18-18-405, 2010 Colo. Sess. Laws 1164-65, which is entitled "Unlawful distribution, manufacturing, dispensing, or sale." He was also charged with and convicted of possession of a schedule II controlled substance pursuant to Ch. 259, sec. 4, §18-18-403.5, 2010 Sess. Laws 1165, which is entitled "Unlawful possession of a controlled

6

> substance." Because these offenses are described in different statutes and have different titles, it is clear the legislature intended to punish these offenses separately.

(Doc No. 1-1 at 3-4, footnote omitted)

Under *Blockburger*, "there can be but one penalty" when a statute criminalizes a course of action rather than an individual act. 284 U.S. at 302 (internal quotation omitted). Where the state legislature intended to allow for multiple convictions for a single criminal incident, the *Blockburger* rule is not violated. *Burleson v. Saffle*, 292 F.3d 1253, 1256 (10th Cir. 2002) (habeas petitioner's conviction for two counts of violating the Oklahoma drive-by shooting statute, when there were two victims, did not subject him to double jeopardy). This Court is bound by the state appellate court's determination that the Colorado legislature intended that unlawful distribution of a schedule II controlled substance and possession of a controlled substance constitute separate crimes. *Id.* at 1255 (citing *Missouri v. Hunter*, 459 U.S. 359, 366, 368 (1983) ("We are bound to accept the [State] court's construction of that State's statutes.")). Moreover, "[w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Hunter*, 459 U.S. at 369.

The state appellate court's determination that Applicant's convictions did not run afoul of the Double Jeopardy Clauses of both the United States and Colorado Constitutions does not conflict with any clearly established Supreme Court law. Accordingly, Applicant cannot prevail on his claim.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Applicant's Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be **DENIED** and that this case be dismissed.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52

F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of October, 2017.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge